IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| RUSSELL A. NEWCOMER<br>CYNTHIA M. NEWCOMER aka<br>CYNTHIA M. KOCH, | : | BANKRUPTCY NO.: 4-09-bk-09961-JJT |
| DEBTORS | : | |
| RUSSELL A. NEWCOMER<br>CYNTHIA M. NEWCOMER aka<br>CYNTHIA M. KOCH, | : | |
| PLAINTIFFS | : | |
| vs. | : | {**Nature of Proceeding**: Defendant Ocwen Loan Servicing, LLC's Motion for Summary Judgment, (Doc. #12)} |
| OCWEN LOAN SERVICING, LLC, | : | |
| DEFENDANT | : | **ADVERSARY NO.: 4-10-ap-00434-JJT** |

# OPINION

Ocwen Loan Servicing, LLC, has filed a Motion for Summary Judgment against the Plaintiffs/Debtors, Russell A. Newcomer and Cynthia M. Newcomer aka Cynthia M. Koch. For the following reason, I will grant Ocwen partial relief.

Initially, I note that the alleged facts underpinning the Plaintiffs' cause of action deal with a post-petition account statement received by Cynthia Newcomer from the Defendant, a copy of which is identified as Exhibit D to Docket entry #1, the Complaint. Count I of the Complaint alleges that Ocwen violated the automatic stay by delivering such statement after the date of bankruptcy. Ocwen's Motion for Summary Judgment points to the disclaimer at the end of the two page statement which states, "If you or your account are subject to a pending bankruptcy or your obligation referenced in this statement has been discharged in bankruptcy,

this statement is for informational purposes only and is not an attempt to collect a debt." This statement seems to contradict a sentence on the first page of the Exhibit that "This communication is from a debt collector attempting to collect a debt." The Debtor adds that specific damage has resulted from this violation. See ¶ 29 of the Amended Complaint. (Doc. #4.)

The Court has reviewed this Count, as well as the documents in support and in opposition, and finds that the Motion should be denied as to Cynthia Newcomer. The Court finds that the better course to follow would be to proceed with a trial on this issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 9 L.Ed.2d 202 (1985). Of course, the Debtor, Russell Newcomer, has shown no nexus to this collection effort and Summary Judgment will be granted in favor of Ocwen regarding Russell as a Plaintiff.

Disposition of the remaining Counts of the Complaint are more problematic. The Debtors' alleged causes of action are based on state and federal legislation identified as the Pennsylvania Unfair Trade and Consumer Protection Act, 73 PS § 201, et seq.; the Pennsylvania Fair Credit Extension Uniformity Act, 73 PS § 2270, et seq.; and the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. They also seem to be making a half-hearted attempt to advance a class action in Count III. These remaining Counts are based on conduct by Ocwen occurring after the bankruptcy petition was filed. I would assume that these causes of action become property of the estate under 11 U.S.C. § 1306(a)(1). While this may allow me to exercise jurisdiction over these Counts, I note that the Debtors' plan vests property of the estate into the Debtors upon confirmation and this plan was confirmed on July 26, 2010. What then is my authority to adjudicate these Counts or the Motion for Summary Judgment?

Particularly applicable is a quote from one of my earlier cases.

> [T]hese are post-bankruptcy claims of the Debtors and are not property of the estate under 11 U.S.C. § 541. They neither arise in nor under the Bankruptcy Code. The Debtors' rights under these statutes do not invoke substantive rights created by the Bankruptcy Code and very well could exist outside of bankruptcy. See *Torkelsen v. Maggio (In re Guild & Gallery Plus, Inc.)*, 72 F.3d 1171, 1178 (3d Cir.1996). This, having been said, I conclude that claims under these statutes are not core bankruptcy matters.
>
> This Court would still have jurisdiction should I find that these claims are "related matters" as that is referenced in 28 U.S.C. §§ 1334(b) and 157(a). In order to be related, the claim must have an impact on the estate. *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir.1984). Win, lose, or draw, the Debtors' success or lack of it would have virtually no impact on the estate being administered. Should the Debtors recover from the Trustee, the Debtors would retain the proceeds with no benefit to the creditors. Should the Debtors lose, the estate would not be impacted.

*In re Lambert,* 438 B.R. 523, 526 -527 (Bkrtcy.M.D.Pa.,2010)

I conclude the same observation that I made in *Lambert* controls the disposition of Counts II and IV in this case. Those Counts will, therefore, be dismissed on my own motion without prejudice.

As to Count III which appears to articulate an effort to pursue a class action, the allegations within that Count clearly fail to meet the prerequisites of Rule 23, made applicable by Federal Rules of Bankruptcy Procedure 7023. This Count, too, will be dismissed.

My Order will follow.

By the Court,

*[signature]*

John J. Thomas, Bankruptcy Judge
(CMS)

Date: June 28, 2011